**SO ORDERED.**

**SIGNED this 28 day of July, 2009.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| DENNIS ANTHONY JONES, and | 05-07958-8-RDD |
| VIDER CYNTHIA HOUSE JONES, | |
| DEBTORS | |

### ORDER DENYING MOTION FOR SANCTIONS REGARDING VIOLATIONS OF 11 U.S.C. § 524(a)

Pending before the Court is the Motion for Sanctions Regarding Violations of 11 U.S.C. § 524(a) (the "Motion") filed by Dennis Anthony Jones and Vider Cynthia Jones (the "Debtors") on April 8, 2009 and the Response to the Motion for Sanctions (the "Response") filed by Branch Banking and Trust ("BB&T") on April 21, 2009. On June 4, 2009, the Court conducted a hearing in Fayetteville, North Carolina to consider these matters.

### BACKGROUND

On September 30, 2005, the Debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. The Debtors' Schedule D listed BB&T as a secured creditor with a purchase-money lien against a 2005 Chrysler Pacifica Touring Wagon (the "Vehicle"). The Debtors' Chapter 13 Plan was included with the filing of their Petition and Schedules. The proposed

Plan listed BB&T as creditor number 3 on the list of debts in which the Debtors' proposed to pay the regular monthly payment outside the plan. Although the Debtors were current with their payments to BB&T, the proposed Plan specifically provided a provision for arrearages in connection with the BB&T debt to be paid inside the plan.

BB&T was served Notice of the Chapter 13 Bankruptcy Case by the Court on October 5, 2005. On January 1, 2006, the Court entered an Order Granting the Minutes of the 341 Meeting and the Motion to Confirm Chapter 13 Plan. The motion for confirmation provided for payments to BB&T outside the plan and for BB&T arrearages inside the plan. BB&T did not file a proof of claim in this case, and filed no objection to confirmation.

The Debtors completed their plan in September 2008 at which time the Court entered the discharge of the Debtors. Following the entry of the discharge, the Debtors surrendered the Vehicle to BB&T[1].

Upon receipt of the Vehicle from the Debtors, BB&T sold it for less than the balance due under its contract. After deduction of the costs of sale and fees, a deficiency balance of $13,969.86 remained. Thereafter, BB&T contacted the Debtors in an attempt to collect the deficiency amount.

The Debtors filed a Motion to Reopen their Case and requested that the Court hear their motion for sanctions against BB&T concerning an alleged violation of the discharge order because of its collection efforts. BB&T did not object to the case being reopened as it pertained to whether or not it was entitled to the deficiency claim. On March 30, 2009, the Court entered an Order Granting the Debtor's Motion to Reopen the Case.

---

[1] The debt repayment period with BB&T for the Vehicle was to mature on January 13, 2011, yet the proposed plan repayment period was for thirty-six (36) months which ended in September 2008.

**DISCUSSION**

Pursuant to the Motion, the Debtors request that the Court enjoin BB&T from any further collection efforts related to the deficiency claim. In its Response, BB&T asserts that the debt was non-dischargeable under 11 U.S.C. § 1328(a) since it was not "provided for" under the plan. In the alternative, BB&T argues that if the debt was "provided for" under the plan, it is a long-term debt as defined in 11 U.S.C. § 1322(b)(5) and, therefore, is nondischargeable under 11 U.S.C. § 1328(a).

Section 1328(a) of Title 11 of the United States Code provides:

Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the *debtor a discharge of all debts provided for by the plan* or disallowed under section of this title, except any debt[2]....

*Emphasis added.*

---

[2] In first considering whether this debt was discharged, the Court first must determine if the debt was provided for in the proposed Plan. If the debt was provided for, the Court will then consider whether such debt is discharged or if one of the enumerated exceptions to discharge under Section 1328 is applicable.

The Supreme Court in *Perrin v. U.S.*, recognized that statutory language should take its "ordinary, contemporary, common meaning." 444 U.S. 37, 42 (1979). The Supreme Court later held that "[t]he most natural reading of the phrase to 'provid[e] for by the plan' is to 'make a provision for' or 'stipulate to' something in the plan." *Rake v. Wade*, 508 U.S. 464, 473 (1993).

The proposed and confirmed plan clearly identified BB&T as having regular monthly payments paid and maintained outside the plan while pre-petition arrearages would be paid inside the plan. BB&T, or a reference thereto, was prominently shown both under the section entitled Pay Outside Plan and Pay Inside Plan. Therefore, based on the Supreme Court's definition of provided for in the plan, the Court finds that the Debtors' plan clearly provides for the BB&T debt by making a provision in the plan for direct payments to BB&T outside the plan and by identifying that BB&T arrearages were to be paid inside the plan.

Having found that the BB&T debt was provided for in the proposed plan, the Court finds that debt owed to BB&T would be discharged subject to any of the exceptions set forth in Section 1328 of the Bankruptcy Code.

Section 1328(a)(1)-(4) set forth the types of debts that are not discharged even if the debt is provided for by the Plan. One such claim that is excepted from discharge are long-term debts, as defined under § 1322(b)(5). *Id.* A long term debt treated under Section 1322(b)(5) is excepted from discharge. *11 U.S.C. § 1328(a)(1).*

First, Section 1322(b)(5) provides that the plan may provide for the "curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured

claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." The debt owed to BB&T is a long term debt within the meaning of this section. First, under the contract payment schedule, BB&T's claim was scheduled to be paid in full on January 13, 2011. The Plan was a thirty-six (36) month plan and the Debtor's made their last payment in September 2008.

Second, the Court does not find the Debtors' argument persuasive that because there was no arrearage on the claim, it therefore cannot be a long term debt as defined under Section 1322(b)(5) and therefore, discharged. In this case, the Debtors' filed plan contained a provision for curing a BB&T default, as did the motion for confirmation.

The Court finds the analysis by the Bankruptcy Court in the Eastern District of Virginia in *In re Delauder* helpful. 189 B.R. 639 (Bankr. E.D. Va. 1995). In the *Delauder* case, the court considered the applicability of § 1322(b)(5) and recognized that even though that section is most commonly used to cure mortgage or student loan defaults, nothing specific in the statute restricted the provision to only those debts. *Id.* Specifically, the Court determined that there was no reason why an automobile loan could not be treated as a long term debt under Section 1322(b)(5). *Id.* Likewise, the Court went on to say that "[n]othing in the statutory language suggests that the provision is restricted to circumstances where there is an existing default." *Delauder*, 189 at 644.

Third, the plan clearly provided for the maintenance of regular payments to BB&T. Pursuant to the terms of the plan, the debtors were to maintain regular payments on the BB&T debt directly to BB&T.

Therefore, based on the foregoing, the debt owed to BB&T is a long term debt as classified under § 1322(b)(5) and therefore is an exception to debtors discharge under § 1328(a).[3] The Debtors' Motion for Sanctions is **DENIED** and BB&T's unsecured claim of $13,969.86 was not discharged.

**SO ORDERED**

**END OF DOCUMENT**

---

[3] The present case is distinguishable from *In re Lane.* Case No. 97-6850-8-JRL (Bankr. E.D.N.C July 13, 2006). The *Lane* Court found that long-term debts under 11 U.S.C. § 1322(b)(5) are not always excepted from discharge under Section 1328(a)(1). *Id.* In *Lane*, the debtors failed to provide any plan provisions or terms in connection with arrearages. That portion of the plan omitted any reference to the long-term debt due to the State Employees Credit Union ("SECU"). *Id.* Furthermore, neither the motion for confirmation, nor the confirmation order listed a provision for arrearages related to SECU. Consequently, under the facts in *Lane,* the Court discharged the long-term debt because the plan did not provide any plan provision term for curing defaults or maintenance of regular payments. In this case, the Debtors' plan clearly contemplated a cure of a default as the reference to BB&T is listed in the section entitled Pay Inside of Plan and the Plan provided for maintenance of regular payments outside the plan.